Richardson, J.
delivered the opinion of the Court.
This is the question — can one co-surety to the single bill, k be a competent witness to prove the handwriting of the other surety — the latter alone being sued?
The ground of the objection to his competency, consists in this rule of evidence; that no one can testify for himself. But, if he promotes his own pecuniary interest by his evidence, he does testify for himself. But if his interest be equally affected, whatever be the event of the suit, the witness stands indifferent between the parties, and he may then testify for either.
The proper question of the case, then arises — does Plaxico, the joint surety with Kennedy, the defendant, stand equally interested, whether the verdict be for or against Kennedy?
Now, then, wherein is Plaxico interested, more one way, than the other ?
If the verdict be against Kennedy, Plaxico promotes a suit against himself, as surety, for one-half of the amount of the single bill. If the verdict goes in favor of Kennedy, he promotes a suit, by the plaintiff Leech, against him — -Plaxico— for the whole of the single bill; but with the right of action against Kennedy for his contribution of one-half.
I should, then, rather conclude, that he might be somewhat more immediately interested; at least, to delay the recovery against Kennedy — not to facilitate it.
Byles says, “ Upon the same principle, it should seem that, in an action on a joint and several promissory note, though the action be against the principal, the surety is evidence either for plaintiff or defendant; and if the action be against the surety, the principal may be evidence for the plaintiff, yet the principal cannot be evidence for the defendant, the surety ; for if the surety is charged he may recover against his principal, not only the debt, but the cost of the first action.”
Byles goes further than the present case requires ; and I would by no means endorse the sweeping rule he so lays down.
For direct authorities on the precise point before the Court, see the case of York v. Blatt, in which case it was held that — “ one joint maker of a promissory note is a competent witness to prove the signature of the other.” There the plaintiff called T. S. who acknowledged his own, and proved the signature of defendant, and plaintiff had a verdict. Court held he was a good witness, on authority of case of Lockhart v. Graham, and the reason given was, if plaintiff recovered against defendant, T. S. would be liable to him for his contribution, or if they failed in the action, they might resort to him for the whole, and then T. S. would be entitled to contribution from the defendant. . So that “ quacumque via, T. S. stood indifferent.
6M. &Wels. 734.
So also in Page v. Thomas it was held that, "in an action by payee against one of the three makers of a joint and severa' promissory note, where another of the makers was called as a witness for the plaintiff, and stated on his exami-]aation of the voir dire, that the note had been given by the defendant as principal, and that it was signed by himself and the other makers as sureties-he was competent."
Such cases expound the legal maxim, nemo in~ sua lite tes-tificare potest-in its proper sense, reason, and object; and makes the witness offered competent, or incompetent, according to his interest or indifference in the question to be solved by his evidence, and holds it immaterial whether he was a party to the original obligation or not.
The motion is therefore dismissed.
O'NEALL, J.-EVANS, J.-WARDLAW, J.-ancl FROST, 3. -concurred.

Motion refused.